COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Coleman and Bray
Argued at Richmond, Virginia


ERIC DONNELL SAUNDERS

                                          OPINION BY
v.    Record No. 1929-98-2       JUDGE RICHARD S. BRAY
                                        JANUARY 18, 2000
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                  Robert G. O'Hara, Jr., Judge

         (Andrew E. Weaver; Traylor, Morris & Wornom,
         on brief), for appellant.  Appellant
         submitting on brief.

         (Mark L. Earley, Attorney General; Eugene
         Murphy, Assistant Attorney General, on
         brief), for appellee.  Appellee submitting on
         brief.


     Eric Donnell Saunders (defendant) was convicted by a jury for

"writ[ing] or compos[ing] and send[ing]" a letter to another

"containing a threat to kill or do bodily injury" to such person,

a violation of Code § 18.2-60(A).  On appeal, he complains that

the trial court erroneously refused to instruct the jury on the

element of malice.  We disagree and affirm the conviction.

         Code § 18.2-60(A) provides, in pertinent part:

              If any person write or compose and also
         send or procure the sending of any letter
         . . . , so written or composed, . . . to any
         person, containing a threat to kill or do
         bodily injury to the person to whom such
         letter or communication was sent or to kill
         or do bodily injury to any member of his or
         her family, the person so writing or

composing and sending or procuring the
sending of such letter or communication
shall be guilty of a Class 6 felony.

Accordingly, the court instructed the jury, in pertinent part:

The defendant is charged with the crime
of threatening bodily injury to another
person.  The Commonwealth must prove beyond
a reasonable doubt the following elements of
that crime:  (1) That the defendant wrote or
composed a letter or written communication
signed or unsigned to [another]; and
(2) That the letter or written communication
contained a threat to do bodily harm to
[such other] or his family; and (3) That the
defendant sent such letter or written
communication to [him].

Arguing that malice was indispensable to the "unlawful mens rea" implicit in the statutory offense, defendant proffered an instruction which required the Commonwealth to prove that he committed the proscribed acts "with malice," together with a companion instruction defining malice.  In refusing both instructions, the court noted that the statute did not "contain . . . the word malicious."

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all the issues which the evidence fairly raises.'  It is elementary that a jury must be informed as to the essential elements of the offense; a correct statement of the law is one of the 'essentials of a fair trial.'"  Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988)

-

(citations omitted).  "An instruction should not be given which incorrectly states the applicable law or which would be confusing or misleading to . . . the jury."  Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990) (citation omitted).

Malice is "that state of mind which results in the intentional doing of a wrongful act to another without legal excuse or justification, at a time when the mind of the actor is under the control of reason."  Lynn v. Commonwealth, 27 Va. App. 336, 344-45 n.1, 499 S.E.2d 1, 5-6 n.1 (1998); see also 1 Virginia Model Jury Instructions – Criminal 33.220 (1998 repl. ed. with 1999 Supp.).  Thus, "[m]alice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed any purposeful and cruel act without any or without great provocation."  Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992).  The legislature has expressly required malice as an element of numerous statutory offenses. See, e.g., Code §§ 18.2-77, -79, -80, -86, -127, -152.7(B), -212, and -279.

In contrast, mens rea or scienter is simply the unlawful intent or design necessary to any criminal act that is not a strict liability offense.  See Reed v. Commonwealth, 15 Va. App. 467, 424 S.E.2d 718 (1992); 1 Wayne R. LaFave, Substantive Criminal Law § 3.4 (1986); Livingston v. Commonwealth, 184 Va. 830, 36 S.E.2d 561 (1946).  Thus, although malice is a species of mens rea, see Christian v. Commonwealth, 221 Va. 1078, 227

-

S.E.2d 205 (1981); Berkley v. Commonwealth, 19 Va. App. 279, 451

S.E.2d 41 (1994), mens rea does not always evince malice. See

e.g., Mosby v. Commonwealth, 23 Va. App. 53, 473 S.E.2d 732

(1996) (criminal negligence); Fortune v. Commonwealth, 12 Va.

App. 643, 406 S.E.2d 47 (1991) (unlawful behavior). Hence, a

wrongful act done intentionally is not always malicious. See

Mason v. Commonwealth, 7 Va. App. 339, 373 S.E.2d 603 (1988).

Although Code § 18.2-60(A) makes no mention of malice,

defendant, nevertheless, relies on Perkins v. Commonwealth, 12

Va. App. 7, 402 S.E.2d 229 (1991), to infer malice as an element

of the offense. In Perkins, the accused challenged Code

§ 18.2-83(A)[1] as unconstitutionally overbroad because it required

no mens rea to complete the crime. We disagreed, reasoning

that:

> In Maye v. Commonwealth, 213 Va. 48, 189
> S.E.2d 350 (1972) the Supreme Court of
> Virginia stated:
>> A claim that a statute on its face
>> contains no requirement of mens rea
>> or scienter is no ground for
>> holding the statute
>> unconstitutional since such
>> requirement will be read into the
>> statute by the court when it
>> appears the legislature implicitly
>> intended that it must be proved.
> 213 Va. 48, 49, 189 S.E.2d 350, 351
> (1972). . . . Therefore, § 18.2-83 can be
> read as requiring mens rea. Such a narrowing
> construction of this statute prevents

---

[1] Code § 18.2-83(A) prohibits any person from "mak[ing] or communicat[ing] to another by any means any threat to bomb, burn, destroy or in any manner damage any place of assembly, building or other structure."

> overbreadth. Only an individual who
> <u>maliciously</u> "makes and communicates . . . any
> threat" prohibited by the statute will be
> punished.

<u>Id.</u> at 15, 402 S.E.2d at 234 (emphasis added).

Defendant acknowledges that <u>Perkins</u> clearly instructs that <u>mens</u> <u>rea</u> or <u>scienter</u> "will be read into a [criminal] statute" to satisfy constitutional imperatives. Additionally, however, he construes dicta in <u>Perkins</u>, "[o]nly an individual who <u>maliciously</u>" engages in conduct "prohibited by [Code § 18.2-83(A)] will be punished," to also graft the element of malice onto the subject Code § 18.2-60(A), a statute similar to Code § 18.2-83(A). <u>Perkins</u>, 12 Va. App. at 15, 402 S.E.2d at 234 (emphasis added).

We are not persuaded that this Court in <u>Perkins</u> intended to equate <u>mens</u> <u>rea</u> with malice, a concept clearly at odds with well-established jurisprudence, and, therefore, decline defendant's invitation to imply both <u>mens</u> <u>rea</u> <u>and</u> malice as elements of Code § 18.2-60(A). "We may not add to a statute language which the legislature has chosen not to include." <u>County of Amherst Bd. of Supervisors v. Brockman</u>, 224 Va. 391, 397, 297 S.E.2d 805, 808 (1992) (citations omitted).

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

-