COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


MICHAEL ANDRE ARTIS

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 2472-07-1                    JUDGE JERE M.H. WILLIS, JR.
                                                      NOVEMBER 12, 2008
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                            H. Vincent Conway, Jr., Judge

          William Roots, Jr., for appellant.

          Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


       On appeal from his conviction for driving under the influence (DUI), a second or subsequent

offense, in violation of Code § 18.2-266, Michael Andre Artis contends the trial court erred by

refusing to consider his constitutional challenge to Newport News City Code § 26-72 because that

challenge was not timely filed.  We granted Artis's petition for appeal on the sole question whether

"the trial court abused its discretion in applying Code § 19.2-266.2(A)(iii) and Code

§ 19.2-266.2(B)."  Artis acknowledges that he did not comply with the notice requirements of Code

§ 19.2-266.2.  He argues, however, that the trial court erred by failing to consider the motion under

the "interests of justice" exception contained in the statute.  We disagree and affirm the judgment of

the trial court.

       "We utilize an abuse of discretion standard when reviewing the trial judge's denial of

appellant's motion to consider [a challenge to the constitutionality of a statute made] after the

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

statutory deadline [provided in Code § 19.2-266.2]." Upchurch v. Commonwealth, 31 Va. App. 48, 52, 521 S.E.2d 290, 292 (1999). "'In reviewing an exercise of discretion, we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" Harris v. Commonwealth, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999) (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)).

At the conclusion of the presentation of the Commonwealth's case, in arguing his motion to strike, Artis asserted for the first time that his 1998 DUI conviction was not valid to support the offense charged, as a second or subsequent offense.[1] He also argued "the charge being tried should be dismissed as the [local] code section the Commonwealth was relying on was invalid." Appellant argued that the local code provision was invalid because the "adoption by the state code on a year-by-year basis was accomplished in an invalid fashion, because no new review of the code was done by the city prior to its adoption and the code adopted had changed significantly since 1993 to the date of the instant charge in 2005 . . . ." He further argued that the local "code section had not been amended since 1993."

In response, the Commonwealth argued that Artis had failed to give notice of his intent to challenge the constitutionality of the local code section, as required by Code § 19.2-266.2(A)(iii) and (B). The Commonwealth asserted further that reference to the state code section sufficiently notified Artis of the charge against him, with respect to both the instant charge and the 1998 DUI conviction.

Artis argued that even though he failed to give the required notice of his intent to challenge the local code section's constitutionality, the ends of justice required the trial court to

---

[1] The facts and proceedings referred to in this opinion are derived from the written statement of facts and the record in this case. There is no transcript of appellant's trial.

consider that issue. He further contended that no such notice requirement prevented the court from considering the validity of the prior conviction from a sufficiency standpoint.

The trial court held that the 1998 conviction was valid and was sufficient to support the charge of a second or subsequent DUI offense. The statement of facts, upon which we rely for the record in this case, does not set forth the basis of this ruling. The ruling is not tied to the question on appeal and, thus, is not before us.

The trial court denied the motion to strike the instant charge on the ground that Artis had failed to give proper notice of his challenge.

Artis testified on his own behalf. He reasserted his earlier arguments regarding the validity of the local code section in the instant case and the sufficiency of his prior conviction, asserting it was based on an invalid local code section. His motion to strike, thus renewed, was again denied. For the reasons stated above, we do not address the trial court's ruling with respect to the 1998 DUI conviction.

Code § 19.2-266.2, in pertinent part, provides:

> A. Defense motions or objections seeking . . .
> (iii) dismissal of a warrant, information, or indictment or any count or charge thereof on the ground that a statute upon which it was based is unconstitutional shall be raised by motion or objection.
>
> B. Such a motion or objection in a proceeding in circuit court shall be raised in writing, before trial. The motions or objections shall be filed and notice given to opposing counsel not later than seven days before trial in circuit court or, if made under clause (ii) of subsection A, at such time prior to trial in circuit court as the grounds for the motion or objection shall arise, whichever occurs last. A hearing on all such motions or objections shall be held not later than three days prior to trial in circuit court, unless such period is waived by the accused, as set by the trial judge. The circuit court may, however, for good cause shown and in the interest of justice, permit the motions or objections to be raised at a later time.

Under Code § 19.2-266.2, defendants are required "to take certain procedural steps in order to exercise or vindicate [their] constitutional rights." Magruder v. Commonwealth, 275 Va. 283, 300, 657 S.E.2d 113, 121 (2008). "Such requirements are not unconstitutional but 'serve[] legitimate state interests in protecting against surprise, harassment, and undue delay.'" Id. (quoting Michigan v. Lucas, 500 U.S. 145, 152-53 (1991)). We have refused to consider a challenge to the constitutionality of a statute where a motion for dismissal of warrant or indictment on the ground that a criminal statute is unconstitutional was not properly presented to the trial court in compliance with Code § 19.2-266.2. See Johnson v. Commonwealth, 37 Va. App. 634, 644-45, 561 S.E.2d 1, 6 (2002); Morrison v. Commonwealth, 37 Va. App. 273, 279, 557 S.E.2d 724, 727 (2002). The requirement that such a motion be made and heard before trial serves the valid purpose of preserving the Commonwealth's right to appeal an adverse ruling. See Code §§ 19.2-398(E) and 19.2-400; Upchurch, 31 Va. App. at 53, 521 S.E.2d at 292.

Artis concedes he "[o]bviously . . . wanted to contest the validity, or constitutionality, of the local code section" and that he "just as obviously failed to give written notice to the Commonwealth of his intent to do so as § 19.2-266.2[A](iii) & § 19.2-266.2(B) require." However, he argues the trial court should have allowed the challenge because

> the lack of validity of the section was patent, . . . the differences in the local ordinance of 1993 and the state of the Commonwealth's law in 2005 represented the difference between guilt and innocense [sic], . . . [and] the mandatory jail sentences that were in effect in 2005, were not in existence in 1993 for multiple offenders[, which] may have influenced appellant's decision to have a trial by jury or without a jury.

He asserts he had his "liberty taken away to the maximum extent of the law" and "[i]t was an injustice to allow [him] to be tried on an obviously invalid code section."

Initially, we note that Artis's only argument to the trial court, as shown in the statement of facts, was that the local code section was invalid because "the adoption by the state code on a

year-by-year basis was accomplished in an invalid fashion, because no new review of the code was done by the city prior to its adoption and the code adopted had changed significantly since 1993 to the date of the instant charge in 2005." Accordingly, that is the only argument preserved for appeal. See Rule 5A:18. Artis invokes no exception to Rule 5A:18, and "[w]e will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Furthermore, based upon this record, we find no abuse of discretion in the trial court's denial of appellant's motion to strike the instant DUI offense on constitutional grounds. Artis first raised his challenge to the validity/constitutionality of the local code section after the Commonwealth presented its case-in-chief, as a ground for his motion to strike the evidence on the instant DUI charge. In the trial court and now on appeal, he has made no argument as to what constituted good cause for his failure to comply with the notice requirements of Code § 19.2-266.2. The record reflects nothing that would constitute good cause.

Artis's "interests of justice" argument also fails. Notwithstanding the validity of any provision of the local code, each warrant, the one charging the instant DUI offense, and the one charging the underlying 1998 prior DUI offense, describes the offense charged and cites both the state code section, 18.2-266, and the local code section, 26-72. Accordingly, in each instance Artis was properly informed of the nature and character of the charge against him. He was, in fact, convicted and sentenced for DUI in violation of Code § 18.2-266, the state statute, which he did not challenge.

The judgment of the trial court is affirmed.

Affirmed.