COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons and Frank
Argued at Norfolk, Virginia


JOSEPH ROBERT UPCHURCH, S/K/A
 JOSEPH ROBERT UPCHURCH, JR.
                                         OPINION BY
v.    Record No. 2969-98-1          JUDGE DONALD W. LEMONS
                                        NOVEMBER 23, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Randolph T. West, Judge

          (Robert W. Lawrence; Beale & Lawrence, on
          brief), for appellant.  Appellant submitting
          on brief.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     In a bench trial, Joseph Robert Upchurch, Jr. was convicted

of possession of cocaine in violation of Code § 18.2-250.  At

the conclusion of the Commonwealth's case-in-chief, Upchurch

moved "to strike the evidence on the grounds that there had been

no probable cause for the arrest."  Upchurch concedes that his

motion was essentially a motion to suppress the evidence but

contends that the trial court erred when it denied his motion

based on his failure to comply with the requirements of Code

§ 19.2-266.2.  We hold that the trial judge did not err in

refusing to grant the defendant's motion to suppress.

## I. BACKGROUND

On appeal, the burden is on appellant to show that the trial court's denial of a suppression motion, when the evidence is viewed in the light most favorable to the Commonwealth, constitutes reversible error. See Patterson v. Commonwealth, 17 Va. App. 644, 646, 440 S.E.2d 412, 414 (1994). Viewed in the light most favorable to the Commonwealth, the evidence proved that on June 12, 1998, Officer Barry Clinedinst responded to a report of a fight at 855 21st Street in Newport News. Upon arrival, he heard voices coming from behind the abandoned house. He walked around the house and came within five feet of Upchurch and another man. Officer Clinedinst observed Upchurch sitting on the porch with a "push-rod" in his hand.[1] The other man had a crack stem in his hand. Both men dropped these items when Officer Clinedinst approached.

Officer Clinedinst immediately picked up and inspected the "push-rod." It was about three inches long and appeared to be made of a bronze colored coat hanger. It had char marks on it that "almost looked like tar," and had a unique smell Clinedinst associated with "push-rods." Based upon his recognition of the item as a "push-rod" with cocaine residue on it and his observation of the companion's possession of the crack stem,

---

[1] Officer Clinedinst testified that "push-rods" are used to pack crack cocaine into crack stems prior to smoking it.

Clinedinst concluded that the two men were jointly using crack cocaine.

Upchurch was arrested and, in a search incident to the arrest, a second crack stem was found "on his person." A certificate of chemical analysis revealed cocaine on the metal crack stem.

Upchurch was charged with possession of cocaine in violation of Code § 18.2-250. Upchurch did not file a pretrial motion to suppress the evidence and was tried by the court without a jury. At the conclusion of the Commonwealth's case, Upchurch moved to strike the evidence on the ground that the Commonwealth's evidence had been obtained as a result of an unlawful arrest. Specifically, appellant argued that Officer Clinedinst's observation of the "push-rod" did not provide probable cause to arrest. The Commonwealth argued that if the court allowed Upchurch's untimely motion, the Commonwealth would lose its right to appeal an adverse ruling. Upchurch argued that Code § 19.2-266.2 should not apply because he did not become aware of the grounds for the motion to suppress until after the officer testified. The trial court denied the motion because Upchurch had not filed a motion to suppress at least seven days before trial. The defendant presented no evidence on his behalf. Upchurch was convicted of possession of cocaine.

## II. Motion to Suppress

Code § 19.2-266.2 provides in pertinent part that:

> Defense motions or objections seeking (i)
> suppression of evidence on the grounds such
> evidence was obtained in violation of the
> provisions of the Fourth . . . Amendment[]
> to the Constitution of the United States
> . . . proscribing illegal searches and
> seizures . . . shall be raised by motion or
> objection, in writing, before trial.  The
> motions or objections shall be filed and
> notice given to opposing counsel not later
> than seven days before trial. . . .  The
> court may, however, for good cause shown and
> in the interest of justice, permit the
> motions or objections to be raised at a
> later time.

(Emphasis added).

When the word "shall" appears in a statute, it is generally used in an imperative or mandatory sense.  See Crawford v. Commonwealth, 23 Va. App. 661, 666, 479 S.E.2d 84, 87 (1996) (en banc).  Therefore, the plain language of Code § 19.2-266.2 requires that a defendant seeking to suppress evidence based on a violation of his Fourth Amendment rights must file a suppression motion no later than seven days before trial, absent "good cause shown and in the interest of justice."

The sole reason given by Upchurch for failure to file a pretrial suppression motion was that he was unaware of the potential Fourth Amendment issue until Officer Clinedinst testified.  Counsel did not interview the officer prior to trial.  Counsel does not maintain that he was misled in any way by representations of the Commonwealth.  Additionally, the

information discovered by counsel in Officer Clinedinst's testimony was also available from the defendant.

We utilize an abuse of discretion standard when reviewing the trial judge's denial of appellant's motion to consider the suppression motion after the statutory deadline. If the defendant does not exercise due diligence to discover relevant facts before trial and has not been misled by the Commonwealth or its witnesses or otherwise prevented by the Commonwealth from discovering relevant facts, ignorance of a witness' testimony, especially a witness who reasonably could be expected to testify, does not constitute good cause for excusing the defendant from the requirements of Code § 19.2-266.2. Upchurch failed to establish that he could not have obtained sufficient information to support a timely motion to suppress through either consultation with his attorney or by interviewing Officer Clinedinst.

The public policy advanced by Code § 19.2-266.2 is directly related to the provisions of Code § 19.2-398, which provide in pertinent part:

> A petition for appeal from a circuit court
> may be taken by the Commonwealth only in
> felony cases, before a jury is impaneled and
> sworn in a jury trial, or before the court
> begins to hear or receive evidence or the
> first witness is sworn, whichever occurs
> first, in a nonjury trial. The appeal may
> be taken from:
>
> *       *       *       *       *       *       *

(2) An order of a circuit court prohibiting the use of certain evidence at trial on the grounds such evidence was obtained in violation of the provisions of the Fourth, . . . Amendment[] to the Constitution of the United States . . . prohibiting illegal searches and seizures . . . .

In Commonwealth v. Ramey, 19 Va. App. 300, 450 S.E.2d 775 (1994), we stated:

In order to protect a criminal defendant from being twice put in jeopardy for the same offense, the Commonwealth is prohibited from appealing a judgment in a criminal prosecution. However, this prohibition, if applied without exception, would deny review of erroneous trial court decisions suppressing evidence found to have been obtained in violation of the United States Constitution. These decisions involve significant constitutional protection and often determine the outcome of a criminal proceeding. Appellate review serves to enhance the uniformity and legitimacy of such decisions. Providing appellate review of these decisions, therefore, serves a legitimate governmental objective. Furthermore, because of its interlocutory nature, it does so while still preserving a criminal defendant's protection against being twice placed in jeopardy.

Id. at 303, 450 S.E.2d at 776-77 (citations omitted).

The Commonwealth's right to appeal is an essential component in the process of correcting misapplications of the law. The Commonwealth may not appeal an erroneous suppression ruling after the jury is impaneled and sworn in a jury trial or evidence is received or the first witness is sworn in a non-jury trial. See Code § 19.2-398. The justification for the requirement of a pretrial suppression motion is readily apparent

in light of the Commonwealth's limited right to appeal an adverse suppression ruling.

The trial judge did not abuse his discretion by finding lack of good cause for excusing Upchurch from the requirement of filing his suppression motion seven days before trial as required by Code § 19.2-266.2 and finding that Upchurch thereby waived his right to contest the introduction of this evidence at trial.  Accordingly, the conviction is affirmed.

<u>Affirmed</u>.