COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Richmond, Virginia


AKEEM JEAN WILSON

MEMORANDUM OPINION[*] BY
v.    Record No. 0433-02-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
DECEMBER 10, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
L. A. Harris, Jr., Judge

(David R. Lett, on brief), for appellant.
Appellant submitting on brief.

Donald E. Jeffrey, III, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Akeem Jean Wilson (appellant) was convicted of possession

with intent to distribute more than five pounds of marijuana in

violation of Code § 18.2-248.1. Appellant contends that his

consent to search the car and the motel room was involuntary. We

hold that appellant is procedurally barred from raising this issue

pursuant to Code § 19.2-266.2 and Rule 5A:18.

I. BACKGROUND

Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom. See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On July 25, 2001, Investigator W.R. Williams (Williams) responded to a tip that an older model brown Honda with a car seat was located in the parking lot of the Comfort Inn Motel and contained a substantial amount of marijuana. Williams drove through the parking lot, found an older model black Honda with a car seat and appellant sitting in the driver's seat. Williams and Investigator Layman, both dressed in plain clothes, but with their badges displayed, approached the Honda on foot and asked appellant if they could speak to him. Appellant stepped out of the car and gave his identification to the officers, which they returned to him. He said he was staying at the motel, but was in the parking lot listening to music and waiting for a female friend. Appellant allowed the officers to pat him down for weapons but refused a search of the car because the car "belonged to his friend Chris." The officers told him he was free to leave, but the car was not. Appellant remained in the area.

The officers called for a canine unit to screen the car for drugs and took appellant's identification to make sure there were no outstanding warrants. During the five or six minutes Williams waited for the license check, he walked past the Honda and "smell[ed] a strong odor of marijuana coming from the trunk area of the vehicle." The officers then placed appellant in handcuffs, told him that he was not under arrest but was being detained because they believed there was marijuana in the car. The canine "alerted" on the car, and Williams told appellant they would get a search warrant for the car and asked him if they could search his motel room. He consented to the search of the motel room, and the officers recovered approximately $9,000 and ten grams of

-

marijuana.  The officers returned to appellant and again asked him for permission to search the car.  Williams said, "I also again explained to [appellant] that he could give me consent to search the vehicle, and after he paused, hesitated, and he said, sure.  I asked him again, can I search your vehicle?  And he said, yes."  The trunk of the car contained forty-five pounds of marijuana.

Appellant filed no pretrial motions contesting the validity of his consent to search the car or the motel room.  He also made no objection at any time during the Commonwealth's case to the admissibility of the drugs or the search of the car or the motel room.  The motion to strike made at the close of Commonwealth's case was limited to the sufficiency of the evidence on the conspiracy charge.[1]  Only during closing arguments did appellant address the issue of consent in any manner.

> The only quirk, as I call it, a small matter
> in the case would be whether, in fact, if
> [sic] the search was consensual.  The only
> thing we talked about on the stand, [sic]
> the officer told him discreetly but then
> kept [sic] driver's license.  To some, [sic]
> to some extent, not free to leave [sic].
> How far that goes as far as the search is
> concerned and what money is found, and then
> eventual consent to search the car [sic].
>
> I would suggest because he kept his
> license, that this was not a consensual
> search.

Appellant was found guilty of possession with the intent to distribute more than five pounds of marijuana.

## II.  Analysis

Code § 19.2-266.2 provides in pertinent part:

---

[1] Appellant was found not guilty of conspiracy to sell

-

> Defense motions or objections seeking (i)
> suppression of evidence on the grounds such
> evidence was obtained in violation of the
> provisions of the Fourth, Fifth or Sixth
> Amendments to the Constitution of the United
> States or Article I, Section 8, 10 or 11 of
> the Constitution of Virginia proscibing
> illegal searches and seizures and protecting
> rights against self-incrimination, . . .
> shall be raised by motion or objection, in
> writing, before trial. . . .  The court may,
> however, for good cause shown and in the
> interest of justice, permit the motions or
> objections to be raised at a later time.

In the instant case, appellant's closing argument is essentially a motion to suppress the evidence.  "[T]he plain language of Code § 19.2-266.2 requires that a defendant seeking to suppress evidence based on a violation of his Fourth Amendment rights must file a suppression motion no later than seven days before trial, absent 'good cause shown and in the interest of justice.'"  Upchurch v. Commonwealth, 31 Va. App. 48, 51, 521 S.E.2d 290, 291-92 (1999).  See also Schmitt v. Commonwealth, 262 Va. 127, 146, 547 S.E.2d 186, 199 (2001) (tape recording admitted into evidence because appellant failed to comply with statutory requirements of Code § 19.2-266.2); Johnson v. Commonwealth, 37 Va. App. 634, 644-45, 561 S.E.2d 1, 6 (2002) (constitutionality of a code section not properly before Court because appellant failed to comply with Code § 19.2-266.2); Morrison v. Commonwealth, 37 Va. App. 273, 279, 557 S.E.2d 724, 727 (2002) (whether statutes were unconstitutionally vague not properly before the Court because appellant failed to comply with

---

marijuana.

-

Code § 19.2-266.2).  There is no dispute that appellant failed to file a timely pretrial motion addressing the validity of his consent to search his motel room and car.  The trial court did not find any good cause or ends of justice exception for appellant's failure to follow the mandated procedure.  As we stated in Upchurch, the Commonwealth would be prejudiced by allowing a defendant to disregard, without good cause, the dictates of Code § 19.2-266.2.  This procedure is directly related to the provisions of Code § 19.2-398, the Commonwealth's right to appeal evidence excluded as a result of a suppression hearing.  See 31 Va. App. at 52, 521 S.E.2d at 292.  Thus, we hold appellant's failure to comply with the statutory requirements of Code § 19.2-266.2 bars his raising the issue on appeal.

Additionally, a ruling of a trial court will not be reversed unless an objection is stated "together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  Appellant failed to object to the admission of any of the evidence regarding the initial stop, the search of his motel room, the detention, the search of the car, the anonymous tip or the marijuana.  All the evidence was admitted without objection by appellant.

> An accused may not wait until the
> Commonwealth has rested its case before
> challenging the admissibility of . . .
> evidence.  This must, of necessity, be the
> rule because whether such evidence is
> admissible is a question involving inquiry
> by the trial court before the evidence is
> presented to the [trier of fact].  If no

-

> objection is raised until the Commonwealth
> has rested, the necessity and opportunity
> for such inquiry do not arise.
>       [T]he defendant, by failing to act in a
> timely manner to prevent the admission of the
> . . . evidence, waived all objection thereto.
> Such evidence was, therefore, properly before
> the [trier of fact] for its consideration.

Poole v. Commonwealth, 211 Va. 258, 260, 176 S.E.2d 821, 823

(1970) (citations omitted).  See also McCary v. Commonwealth, 36

Va. App. 27, 40, 548 S.E.2d 239, 245 (2001) (certificate of

analysis on fourth bag of cocaine admitted because appellant

failed to object to its admission at the time).  Appellant's

failure to object to the admission of evidence or make an

appropriate motion to strike waived his objections.

   Thus, we affirm the trial court's ruling.

                                             Affirmed.

-