COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Clements and Felton
Argued at Chesapeake, Virginia


RONLONDO LAVAR MOODY

v.       Record No. 3183-02-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WALTER S. FELTON, JR.
DECEMBER 9, 2003

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

S. Jane Chittom, Appellate Defender (Public Defender Commission,
on briefs), for appellant.

Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Ronlondo Lavar Moody was convicted in a bench trial of (1) possession of cocaine with

intent to distribute, in violation of Code § 18.2-248 and (2) possession of heroin with intent to

distribute, in violation of Code § 18.2-248.  On appeal, Moody contends that the trial court erred

in admitting the evidence and denying his motion to suppress.  Finding no error, we affirm.

I.  BACKGROUND

On April 5, 2002, at approximately 11:40 a.m., Portsmouth Police Officer L.H.

McDonald, Jr. was on foot patrol in the Fairwood Homes section of Portsmouth, a known high

crime area.  He observed Ronlondo Moody standing in the street leaning into a car window,

apparently handing something to the driver of the car.  As McDonald approached, a group of

three or four men about forty feet from Moody began yelling at him drawing his attention to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Officer McDonald. When Moody turned around and faced him, Officer McDonald noticed that Moody had a plastic bag in his right hand. Officer McDonald did not see the contents of the plastic bag but observed Moody putting the bag in the waistband of his shorts. Moody then started walking away from the officer.

Officer McDonald caught up to Moody and placed him under arrest. Officer McDonald reached into Moody's shorts and pulled out the plastic bag, which contained 55 capsules of heroin weighing approximately 3.9 grams. Officer McDonald also found a small bag containing 3.8 grams of cocaine inside Moody's right pants pocket.

On September 18, 2002, eight days before his trial, Moody filed a motion to suppress all evidence seized incident to or used as the basis of his arrest on the grounds that the arrest lacked probable cause.

Moody however, never requested a hearing on the motion to suppress before trial. At the start of Moody's trial on September 26, 2002, the trial court asked if there were "[a]ny motions that we need to deal with before we begin trial of the case." Moody answered "Your Honor, we don't have any pretrial motions, just a motion to separate once the witnesses have been sworn." The first objection by Moody to the validity of his arrest came as the Commonwealth offered the items seized from him into evidence. Moody argued that the officer lacked probable cause to make the arrest and that evidence recovered incident to that arrest should be suppressed.

The trial court ruled that because there had been no hearing on a motion to suppress pursuant to Code § 19.2-266.2, Moody's objection came too late. The court found that Moody failed to comply with Code § 19.2-266.2 requiring suppression motions be heard at least three days before trial. The court noted in passing that it would not likely have sustained the motion

for suppression had it been timely made, and found no reason to hear the motion. Moody

insisted that the trial court rule on the motion. The court refused to do so.[1]

The trial court admitted the evidence, and subsequently convicted Moody of possession

of cocaine with intent to distribute and possession of heroin with intent to distribute. On

November 26, 2002, it sentenced Moody to five years in prison on each charge, suspending five

years on the heroin charge.

## II. MOTION TO SUPPRESS

Moody argues that the trial court erred in admitting the evidence seized by the police

when it denied his motion to suppress because the officer did not have probable cause to arrest

Moody. The Commonwealth contends that because Moody failed to request a pretrial hearing on

his motion to suppress as required by Code § 19.2-266.2, he waived his right to challenge his

arrest. Because the record reflects that the trial court found that Moody's motion to suppress was

untimely and refused to hear it, we agree with the Commonwealth's position.

"We utilize an abuse of discretion standard when reviewing the trial judge's denial of

appellant's motion to consider the suppression motion after the statutory deadline." Upchurch v.

Commonwealth, 31 Va. App. 48, 52, 261 S.E.2d 290, 292 (1999). Code § 19.2-266.2 governs

this statutory deadline and provides, in part, that:

> Defense motions or objections seeking (i) suppression of evidence
> on the grounds such evidence was obtained in violation of the
> provisions of the Fourth Amendment . . . to the Constitution of the

---

[1] When Moody's counsel insisted that the trial court rule on her motion to suppress, the court ruled that the motion could not be heard at that point in the case, stating:

> Not without leave of Court, unless you complied with the Statute
> and the Rules. And as everybody knows, it takes away the
> Commonwealth's right to appeal, and I'm not granting it in the
> middle of trial. But for whatever purposes, . . . I wouldn't sustain
> that motion even . . . if we were dealing with a motion to suppress.

- 3 -

United States or Article I . . . Section 10 of the Constitution of Virginia proscribing illegal searches and seizures . . . shall be raised by motion or objection, in writing, before trial. The motions or objections shall be filed and notice given to opposing counsel not later than seven days before trial. A hearing on all such motions or objections shall be held not later than *three days* prior to trial, unless such period is waived by the accused, as set by the trial judge. The court may, however, for good cause shown and in the interest of justice, permit the motions or objections to be raised at a later time.

(Emphasis added).

"Generally, if the argument is not presented to the trial court in this manner, then appellant has not preserved it for appeal." Johnson v. Commonwealth, 37 Va. App. 634, 644-45, 561 S.E.2d 1, 6 (2002) (citing Rule 5A:18; Upchurch, 31 Va. App. at 51-53, 521 S.E.2d at 291-92 (discussing Code § 19.2-266.2)). Allowing a defendant to disregard, without good cause, the requirements of Code § 19.2-266.2, would prejudice the Commonwealth, by excluding its right to appeal evidence excluded as a result of a suppression hearing.[2] See Upchurch, 31 Va. App. at 53, 521 S.E.2d at 292 ("The justification for the requirement of a pretrial suppression motion is readily apparent in light of the Commonwealth's limited right to appeal an adverse suppression ruling.").

The parties agree that Moody timely filed a pretrial motion to suppress on September 18, 2002. However, Moody never sought to have the motion heard as required by Code § 19.2-266.2. "By filing his pretrial motion to suppress the [evidence], [Moody] acknowledged his awareness of an alleged violation of his constitutional rights before [trial]." Terry v. Commonwealth, 30 Va. App. 192, 196, 516 S.E.2d 233, 235 (1999). Prior to the start of the trial, the court asked Moody if there were "[a]ny motions that we need to deal with before we begin

---

[2] Pursuant to Code § 19.2-398, the Commonwealth may not appeal an erroneous suppression ruling after the jury is impaneled and sworn in a jury trial or evidence is received or the first witness is sworn in a non-jury trial.

trial of the case?" Moody's counsel answered "we don't have any pretrial motions," except for the motion to separate the witnesses.

Because Moody failed to meet the statutory requirements of Code § 19.2-266.2, we find no abuse of discretion by the trial court in refusing to hear Moody's untimely motion to suppress, and find that he thereby waived his right to contest the introduction of the contested evidence at trial.

Accordingly, we affirm the judgment of the trial court.

Affirmed.