COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


ROBERT LEE COOKE

                                                   MEMORANDUM OPINION[*] BY

v.   Record No. 1821-06-2            JUDGE JEAN HARRISON CLEMENTS
                                                  APRIL 29, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
James A. Luke, Judge Designate

Charles L. Weber, Jr., for appellant.

Josephine F. Whalen, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Robert Lee Cooke (appellant) was convicted of possession of a firearm by a convicted

felon, in violation of Code § 18.2-308.2.  On appeal, he contends the trial court erred in denying

his motion to suppress on the ground that the motion was not timely filed.  Finding no error, we

affirm the trial court's judgment and appellant's conviction.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

In connection with events occurring on the night of October 24, 2004, appellant was charged with possession of a firearm by a convicted felon.[1]  On February 21, 2006, appellant moved to suppress statements he made to Special Agent Jon Cromer of the Virginia State Police Bureau of Criminal Investigation while he was hospitalized, claiming that he was not given his rights under Miranda v. Arizona, 384 U.S. 436 (1966).[2]

On February 28, 2006, the date set for trial, appellant moved for a continuance contending that he had not waived the requirement that his motion to suppress be heard three days before trial in accordance with Code § 19.2-266.2.  Although appellant acknowledged that he did not specifically request a motions hearing at least three days prior to trial, he argued that he had submitted a letter to the trial court asking for a phone conference "about scheduling motions" and "discussing a continuance."  In response, the trial court stated that it had taken the position that a phone conference could not take place "in a criminal matter" because "it would have to be in court with the defendant present."

Subsequently, the trial court denied the continuance and refused to hear the motion to suppress.[3]  In resolving the matter, the trial court stated, as follows:

> This case was set in December.  We had a lengthy hearing with a reporter present in December, and I understand you are—and you filed all these things, and maybe it's unfortunate that I am not a resident judge but you[]all knew that.  You certainly knew if you came up with last[]minute things, what you are fishing for, in the

---

[1] Pertaining to the same events occurring on October 24, 2004, appellant was tried separately for maliciously shooting a police dog, breaking and entering, and grand larceny. These matters are not before us on appeal.

[2] In accordance with Code § 19.2-266.2, appellant filed the suppression motion not later than seven days before trial.

[3] The trial court, however, heard and ultimately denied the motion to suppress as to the separately tried charges on April 5, 2006.

eyes of the Court, was a continuance. The motion is denied. We'll go forward.

I don't consider it timely filed. I think what I just said—I know you brought something in and left it in the office, filed in that very technical sense, but you knew it had to fail when you filed it.

The trial court convicted appellant of possession of a firearm by a convicted felon. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that "[n]either [Code § 19.2-266.2] nor the Rules of the Supreme Court of Virginia require[d] [him] to file a written notice for a hearing" to ensure the motion to suppress was heard three days before trial. Thus, he concludes, the trial court erred in denying his motion as untimely. We disagree.

"We utilize an abuse of discretion standard when reviewing the trial judge's denial of appellant's motion to consider the suppression motion after the statutory deadline." Upchurch v. Commonwealth, 31 Va. App. 48, 52, 521 S.E.2d 290, 292 (1999). "'In reviewing an exercise of discretion, we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" Harris v. Commonwealth, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999) (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)).

Code § 19.2-266.2 provides, in relevant part, as follows:

> Defense motions or objections seeking (i) suppression of evidence on the grounds such evidence was obtained in violation of the provisions of the . . . Fifth . . . Amendment[] to the Constitution of the United States or Article I, Section 8 . . . of the Constitution of Virginia . . . protecting rights against self-incrimination . . . shall be raised in writing, before trial. The motions or objections shall be filed and notice given to opposing counsel not later than seven days before trial . . . . *A hearing on all such motions or objections shall be held not later than three days prior to trial in circuit court, unless such period is waived by the accused, as set by the trial judge.* The circuit court may, however,

> for good cause shown and in the interest of justice, permit the motions or objections to be raised at a later time.

(Emphases added). Thus, under Code § 19.2-266.2, criminal defendants are required to "take certain procedural steps in order to exercise or vindicate" their constitutional rights. Magruder v. Commonwealth, 275 Va. 283, 300, 657 S.E.2d 113, 121 (2008). "Such requirements are not unconstitutional but 'serve[] legitimate state interests in protecting against surprise, harassment, and undue delay.'" Id. (quoting Michigan v. Lucas, 500 U.S. 145, 152-53 (1991)). Furthermore, "[t]he justification for the requirement of a pretrial suppression motion is readily apparent in light of the Commonwealth's limited right to appeal an adverse suppression ruling." Upchurch, 31 Va. App. at 53, 521 S.E.2d at 292.

Here, on the scheduled trial date, appellant sought a continuance for the purpose of having his suppression motion timely heard. In doing so, he disregarded the procedural requirement set forth in Code § 19.2-266.2 that a hearing on a suppression motion occur at least three days before trial. Indeed, it is axiomatic that appellant, as the proponent of the motion to suppress, had the burden to pursue the matter by requesting a hearing to ensure the motion was timely heard before the trial date. In failing to comply with Code § 19.2-266.2, appellant waived the opportunity to pursue his constitutional claim. Accordingly, we cannot say the trial court abused its discretion.

### III. CONCLUSION

For these reasons, we affirm the trial court's judgment and appellant's conviction.

Affirmed.