COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


PENNY HASKINS
                                                    MEMORANDUM OPINION* BY
v.        Record No. 2627-07-3            JUDGE ELIZABETH A. McCLANAHAN
                                                        DECEMBER 9, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                            Charles J. Strauss, Judge

        Gregory T. Casker for appellant.

        Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        In a bench trial, Penny Haskins was convicted of cocaine possession, in violation of Code

§ 18.2-250.  On appeal, she argues the evidence was insufficient to support her conviction.  For

the following reasons, we affirm the conviction.

                                        BACKGROUND

        We review the evidence in the "light most favorable" to the Commonwealth as the

prevailing party below.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786

(2003) (citations omitted).  That principle requires us to "discard the evidence of the accused in

conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to

the Commonwealth and all fair inferences that may be drawn therefrom."  Kelly v.

Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (internal quotation

marks and citations omitted).

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The police stopped appellant, Laura Gilbert, and Marian Myers because the license plate on the car they occupied could not be read. At that time, Gilbert was the driver, Myers was sitting in the front passenger seat, and appellant was sitting in the back seat behind the driver. A canine officer conducted a dog sniff of the car. The dog alerted to the smell of narcotics within the car.

A search of the car revealed four metal smoking devices, or pipes. One of the pipes was discovered in the "map pocket" of the front passenger door. Laboratory analysis established that the pipe contained cocaine residue. At trial, this pipe was referred to as "Item 2."

One of the other pipes was found in the "map pocket" located on the back of the driver's seat, in front of appellant. The remaining two pipes were found in Gilbert's pocketbook located between the driver's seat and the front passenger seat (i.e., between Gilbert and Myers).

Myers testified at trial for the Commonwealth. In describing the events of the day leading up to the traffic stop, Myers stated that, when the three women got together that morning, she was driving, appellant was sitting in the front passenger seat (next to where Item 2 was found), and Gilbert was in the back seat. After making a number of stops, the three women traveled to a friend's apartment in Gretna. While at the apartment, all three women smoked crack cocaine, with each using her own pipe or "stem" (as cocaine pipes are sometimes called). When they left the apartment, Gilbert was driving, Myers was sitting in the front passenger seat, and appellant was in the back seat. Shortly thereafter, the traffic stop was conducted and their car was searched.

Myers further testified that the pipe found in the map pocket on the back of the driver's seat belonged to appellant. As to the pipe containing the cocaine residue (Item 2), Myers explained that appellant had used it to "push the stem" while she was riding in the front passenger seat of the car before they arrived at the friend's apartment. Myers also stated that she

- 2 -

did not use Item 2, nor did Gilbert, and there had been no one else in the car that day. Myers equivocated as to whether she saw Haskins put Item 2 in the front passenger door map pocket, but concluded that appellant put it there because neither Myers nor Gilbert had used it. "[S]o [Haskins] had to put it there," she stated.

Appellant presented no evidence.

In finding appellant guilty of cocaine possession, the trial court stated:

> [T]here's no question the three of them were, according to Ms. Myers' testimony, smoking crack cocaine that day. And she's testified that she saw the device, number 2, being used by the defendant in the process of smoking crack cocaine while she was in the passenger seat. It is not an unreasonable inference when, if it's located in the passenger seat next to her in the pocket, that the defendant put it there. She can't say definitively, I don't believe, that she saw the defendant put it there. But whether she did or not, there's no question that . . . she was using that device as part of the paraphernalia in smoking crack cocaine. In addition, she . . . had access to it. She knew where it was and she knew what she'd used it for.

## ANALYSIS

When reviewing a challenge to the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (citation omitted). Accordingly, this Court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (citation and internal quotation marks omitted; emphasis in original). Rather, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). See Seaton v. Commonwealth, 42 Va. App. 739, 746-48, 595 S.E.2d 9, 12-13 (2004).

To convict for possession of cocaine under Code § 18.2-250, the Commonwealth must prove the accused had either actual or constructive possession of the contraband, and was aware

- 3 -

of its presence and character.  Wilson v. Commonwealth, 46 Va. App. 408, 432, 617 S.E.2d 431, 443 (2005) (*en banc*).  Constructive possession can be shown by evidence of "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and character of the substance and that it was subject to his dominion and control."  Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004) (citations, internal quotation marks, and brackets omitted); Kelly, 41 Va. App. at 260, 584 S.E.2d at 449.  "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence."  Williams, 42 Va. App. at 735, 594 S.E.2d at 311.  "To be sure, in drug cases no less than any other, it 'is axiomatic that any fact that can be proved by direct evidence may be proved by circumstantial evidence.'"  Haskins v. Commonwealth, 44 Va. App. 1, 6, 602 S.E.2d 402, 404 (2004) (quoting Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004)).

In challenging the sufficiency of the evidence, appellant argues that Myers' testimony was not credible.  We reject this argument.  It is well established that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  Under this standard, "[t]he conclusions of the fact finder on issues of witness credibility may only be disturbed on appeal if this Court finds that [the witness'] . . . testimony was inherently incredible, or so contrary to human experience as to render it unworthy of belief."  Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (*en banc*) (citations and internal quotation marks omitted).  Myers' testimony was neither inherently incredible nor contrary to human experience, and thus the trial court, as fact finder, did not err in crediting it.

Alternatively, appellant argues that, even if Myers' testimony is accepted as true, her testimony was not sufficient to establish that the pipe containing the cocaine residue was in appellant's possession, or that she otherwise had any reason to know there was cocaine residue on it. We disagree.

Myers stated that she saw appellant with the pipe while appellant was sitting in the front passenger seat before they stopped at a friend's apartment in Gretna, where they smoked crack cocaine. Myers also reasonably inferred, as did the trial court, that appellant put the pipe in the front passenger door map pocket based on the fact that neither Myers nor Gilbert had used it and there was no one else in the car that day. Thus, the evidence established that appellant exercised dominion and control over the pipe containing the cocaine residue, even if her possession of it was not always exclusive, which was not required. "As we have held, a defendant's possession of an illegal substance need not be exclusive." Wilson, 46 Va. App. at 434, 617 S.E.2d at 443 (citations and internal quotation marks omitted). Instead, it may be joint. Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983).

Myers also stated that, when she saw appellant with the pipe, appellant was using it to "push the stem." Based on this testimony, the trial court reasonably concluded that appellant "was using that device as part of the paraphernalia in smoking crack cocaine." That is, appellant was using the one pipe, later found to contain the cocaine residue (Item 2), to prepare her other pipe or "stem" for smoking crack cocaine—which she did shortly thereafter. Indeed, devices used for such purposes are referred to as "push-rods." Upchurch v. Commonwealth, 31 Va. App. 48, 50 n.1, 521 S.E.2d 290, 291 n.1 (1999) ("'[P]ush-rods' are used to pack crack cocaine into crack stems prior to smoking it."). Appellant therefore had reason to know that the pipe she used to "push the stem" contained cocaine residue.

CONCLUSION

Based on the totality of the circumstances, we conclude the evidence was sufficient for the trial court to rationally find appellant guilty of possessing cocaine. Accordingly, we affirm her conviction.

<u>Affirmed.</u>