COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Chesapeake, Virginia


WILLY NAAR, JR.

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2369-07-1             JUDGE RANDOLPH A. BEALES
                                                  APRIL 14, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                         James A. Cales, Jr., Judge

            Anthony J. Nicolo (Ferrell, Sayer & Nicolo, P.C., on brief), for
            appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Willy Naar, Jr., (appellant) was convicted of possession of a firearm by a convicted felon.

He appeals this conviction, arguing that the trial court erred when it prevented him from raising,

during his trial, an argument based on Miranda v. Arizona, 384 U.S. 436 (1966), to suppress a

statement that he made to the police.  We find the trial court did not err here.

                                        BACKGROUND

        Appellant was charged with possession of cocaine, possession of a firearm while

possessing a controlled substance, and possession of a firearm by a convicted felon.  Prior to

trial, appellant filed a written "Motion to Suppress," asking generally that the court suppress all

of his statements to the police and all of the evidence seized by the police because of alleged

violations "of the Fourth, Fifth, or Sixth and Fourteenth Amendments."  The written motion did

not contain a more specific description of appellant's arguments.  At the hearing on this motion,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant's counsel described his motion as related to the "consent to search" given by appellant. Appellant did not argue that the police violated the principles in Miranda during his suppression hearing.

At the hearing, Officer Ferrell testified that he and Officer Gilmore arrived at appellant's house at approximately 3:21 p.m. Appellant was sitting on the porch, and Azzaam Ashanti (a codefendant) was working on a car parked at the house. The officers went up onto the porch and began talking to appellant. As they stood there, the officers "smelled marijuana coming from the house" through an open door. Officer Ferrell also saw someone moving around inside the house. At this point, the officers told appellant that they were going to enter the house, do a protective sweep, and then get a search warrant for the house. The police spent five to ten minutes conducting the protective sweep, and then Officer Ferrell went to get a search warrant.

While Officer Ferrell was gone, Officer Gilmore began talking to the men and obtained permission to search without a warrant. Appellant signed a consent form, and Officer Ferrell was informed that a warrant was no longer necessary. Officer Ferrell returned at "about 4:30, 4:35." He then proceeded to "read the Miranda rights and placed everybody in handcuffs." Officer Ferrell did not ask appellant any questions after informing him of his Miranda rights, and he did not know if another officer questioned appellant.

At the conclusion of the suppression hearing, appellant argued for suppression of the signed consent form. The trial court denied the motion, and the trial followed immediately.[1]

During appellant's trial, Detective Deluca explained that he arrived at appellant's home "maybe [at] 4:00. I'm not sure of the exact time." The Commonwealth then began to ask about statements that appellant made to the detective. When the Commonwealth asked if appellant "had been provided his Miranda warnings at the time you spoke to him," the detective replied,

---

[1] The parties and the trial court apparently agreed to hold the suppression hearing on the same day as the trial. No party objected to this procedure.

"As far as I was aware of, he was, yes." At this point, appellant objected, arguing that the evidence did not prove appellant was given his Miranda warnings prior to any questioning by the detective.

The trial court pointed out, "[T]here's been no motion to suppress the statement," and ruled that Code § 19.2-266.2 precluded consideration of the issue. Appellant then asked the court to apply the good cause exception in Code § 19.2-266.2. He claimed that the testimony of Officer Ferrell and Detective Deluca was inconsistent with the discovery provided to him by the Commonwealth. He contended that he did not raise a Miranda issue earlier because he relied on the representations in that discovery.

Appellant, however, did not provide the trial court with a copy of the discovery. Instead, appellant described the discovery responses as follows:

> The investigative narrative which I have, which [the prosecutor] pointed out to me that he provided me in discovery, indicated that at approximately 16:40 Officer Ferrell read both the Defendants their rights from a personal card. A couple of pages after that there are notes by Detective Deluca. It has the same time. Actually it says military time, which is 16:40, the same thing. It says he responded and he spoke with my client.

> \* \* \* \* \* \* \*

> I mean I assumed, based on what I was given and the integrity of the officers as I know them, that it was going to flow, but I can't anticipate a police officer's testimony saying, you know, when I made these notes it was 16:40, but testifying today I can't remember exactly what time it was.

The trial court found that the good cause exception did not apply, and Detective Deluca continued testifying. The detective explained that appellant told him that "there was a gun in the back seat on the right side of the vehicle" that was parked in the driveway (a blue Infiniti), and that the gun was unloaded. The police then "recovered that weapon" from the car.

- 3 -

At the conclusion of all the evidence, the trial court convicted appellant of possession of a firearm by a convicted felon, but dismissed the other charges.

ANALYSIS

Appellant argues that he was caught by surprise when Detective Deluca's testimony did not coincide with the representations in the Commonwealth's discovery responses. He claims that the discovery materials indicated that the police advised appellant of his Miranda rights prior to questioning him, but that the testimony at trial did not prove that appellant had been read his Miranda rights prior to Detective Deluca's questioning of him. He contends this inconsistency constituted "good cause shown"[2] and, thus, the trial court should have waived the requirements of Code § 19.2-266.2 that suppression motions, like the one here, be made and ruled upon prior to trial.[3] We disagree and find the trial court did not err when it refused to apply the good cause exception in Code § 19.2-266.2 to the circumstances here.

Code § 19.2-266.2 requires that motions like the one here, asking the trial court to suppress statements based on an alleged violation of a defendant's "rights against self-incrimination," be made in writing. This code section also requires that such motions be filed seven days before trial and requires that the hearing on such motions be held prior to the trial. Code § 19.2-266.2(A)-(B). "The circuit court may, however, for good cause shown and in

---

[2] We note that appellant does not address the phrase, "and in the interest of justice," as found in Code § 19.2-266.2(B), but argues only that the trial court should have found "good cause" for his failure to raise the motion earlier. As the Commonwealth also does not address this second prong of the exception, we need not and do not address it here.

[3] Appellant does not argue that his written motion, which was timely filed and mentioned the Fifth Amendment, preserved his Miranda argument such that the trial court was permitted to address the issue under Code § 19.2-266.2, without consideration of good cause. Given that appellant did not raise any argument regarding his Miranda rights during the suppression hearing, we agree with appellant that his only avenue for raising this argument once the trial began was to request that the court apply the exception to the requirements in Code § 19.2-266.2.

the interest of justice, permit the motions or objections to be raised at a later time." Code § 19.2-266.2(B).

> If the defendant does not exercise due diligence to discover relevant facts before trial and has not been misled by the Commonwealth or its witnesses or otherwise prevented by the Commonwealth from discovering relevant facts, ignorance of a witness' testimony, especially a witness who reasonably could be expected to testify, does not constitute good cause for excusing the defendant from the requirements of Code § 19.2-266.2.

Upchurch v. Commonwealth, 31 Va. App. 48, 52, 521 S.E.2d 290, 292 (1999). "We utilize an abuse of discretion standard when reviewing the trial judge's denial of appellant's motion to consider the suppression motion after the statutory deadline." Id. Given the good cause exception has very strict requirements that a defendant must satisfy, and the standard of review on appeal is very deferential to the trial court, appellant has a high hurdle to overcome in order to succeed in this appeal.

Here, appellant never presented to the trial court any of the discovery documents that he claimed misled him about whether he was given his Miranda warnings before or after he made the statement to the police about the gun in the car. Based on his representations at trial, those documents indicated that Officer Ferrell read appellant his rights, but Detective Deluca asked him questions. Nothing in appellant's proffers indicates that the Commonwealth represented to appellant that Detective Deluca had read the Miranda rights to appellant, that Deluca actually knew whether or not appellant had been informed of those rights before Deluca began asking appellant any questions, or even that Officer Ferrell informed appellant of his rights prior to Detective Deluca's questioning. According to appellant, the discovery responses, which are not in the record, apparently told appellant that the officers each believed that they were talking to appellant at 4:40 that afternoon.

The Commonwealth's discovery responses did not misinform appellant. The failure to argue this motion before trial happened because appellant apparently assumed after reading the discovery responses that the <u>Miranda</u> rights were read to him prior to the questioning by Detective Deluca, and because appellant apparently assumed that Officer Ferrell first read the rights to the suspects at 4:40 p.m. *and then* Detective Deluca took the statement from appellant during that same minute. However, the Commonwealth's discovery, as proffered by appellant, did not indicate the sequence of events that occurred at 4:40 p.m. Based on the proffered representations in the discovery, appellant could have just as easily assumed that Detective Deluca asked the questions first, and then Officer Ferrell "read the <u>Miranda</u> rights and placed everybody in handcuffs." The discovery documents, based on appellant's representations of them, did not explicitly or implicitly state that appellant was read his <u>Miranda</u> rights prior to Detective Deluca's questioning.

Finally, appellant himself should have known whether he was read his <u>Miranda</u> rights prior to making his statement to Detective Deluca, especially as Officer Ferrell handcuffed him when he informed him of these rights. Given that his statement to Detective Deluca was particularly incriminating – as it indicated that appellant knew where the gun was and that he knew it was not loaded – one would expect that, in discussing the case with his counsel, appellant would have informed his attorney about the sequence of events leading up to that statement, regardless of the representations in the discovery. In addition, in reviewing the discovery responses with his counsel, appellant should have informed his attorney that his recollection of the events was inconsistent with the police reports and that he was not read his <u>Miranda</u> rights prior to talking to Detective Deluca. "If the defendant does not exercise due diligence to discover relevant facts before trial . . . ignorance of a witness' testimony . . . does not

constitute good cause for excusing the defendant from the requirements of Code § 19.2-266.2." Upchurch, 31 Va. App. at 52, 521 S.E.2d at 292.

Here, the Commonwealth's discovery responses, as described to the trial court by appellant's counsel, did not necessarily mislead appellant. In addition, as appellant was the person who either was, or was not, informed of his Miranda rights prior to making his statement, he cannot claim ignorance of the fact that Detective Deluca was unsure about whether another officer actually read appellant his Miranda rights. Appellant, as the person to whom the rights were read and of whom the questions were asked, was in the best position to know whether to raise this issue in a motion to suppress. In short, based on the circumstances noted above, we agree with the trial court here that appellant did not establish that he had "good cause" for his failure to argue, prior to the trial, a motion to suppress based on the detective's alleged failure to inform him of his Miranda rights prior to any interrogation. The trial court, consequently, did not abuse its discretion in refusing to allow appellant to argue this motion during the middle of his trial.

## CONCLUSION

We find the trial court did not err in denying appellant's request to apply the exception in Code § 19.2-266.2. Therefore, we affirm appellant's conviction for possession of a firearm by a convicted felon.

Affirmed.