COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Haley and Alston
Argued at Alexandria, Virginia


VAN I. WOMACK

                                                 MEMORANDUM OPINION[*] BY
v.        Record No. 2538-07-4                   JUDGE ROBERT J. HUMPHREYS
                                                          JUNE 9, 2009

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                            John E. Kloch, Judge

            Kevin T. Gaynor, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Erin M. Kulpa, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        Van I. Womack ("Womack") appeals his conviction for possession of cocaine with the

intent to distribute, in violation of Code § 18.2-248.  Womack argues that the trial court erred by

refusing to suppress the cocaine discovered on his person during a search.

        In denying Womack's motion, the trial court gave three separate reasons for doing so,

stating:

            I think first of all any motion to suppress has to be made seven
            days prior to trial, to give the Commonwealth some right of appeal.
            That was not done.

            Second of all, the evidence has already been admitted, so it is not
            timely.

            Thirdly, as counsel points out, I believe there is probable cause that
            this individual possessed marijuana, a crime that was at the very

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

least a misdemeanor occurring in the officer's presence, so he has probable cause to search.

For all those reasons, the motion will be denied.

On appeal, Womack argues exclusively that the trial court erred in admitting the cocaine because the officers did not have probable cause to search him. Womack does *not* argue that the trial court erred by admitting the cocaine on the grounds that Womack failed to timely file a motion to suppress seven days before trial or that Womack's objection was untimely given that the evidence had already been admitted.

"[I]n 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" Johnson v. Commonwealth, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)). "[O]therwise, 'an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged.'" Id. at 116-17, 609 S.E.2d at 60 (quoting San Antonio Press v. Custom Bilt Machinery, 852 S.W.2d 64, 65 (Tex. App. 1993)).

Womack's appeal addresses only one of the three alternative reasons that the trial court gave in denying Womack's motion to suppress. So long as one of the two alternatives "would legally constitute a freestanding basis in support of the trial court's decision," we are unable to address the merits of Womack's claim. Id. at 117, 609 S.E.2d at 60.

The trial court's first independent basis for overruling Womack's motion to suppress is that the motion was not timely because Womack was required to file that motion seven days before trial. Code § 19.2-266.2 provides in pertinent part that:

> Defense motions or objections seeking (i) suppression of evidence
> on the grounds such evidence was obtained in violation of the
> provisions of the Fourth . . . Amendment[] to the Constitution of
> the United States . . . shall be raised by motion or objection, in
> writing, before trial. The motions or objections shall be filed and

notice given to opposing counsel not later than seven days before trial. . . . The court may, however, for good cause shown and in the interest of justice, permit the motions or objections to be raised at a later time.[1]

In Upchurch V. Commonwealth, 31 Va. App. 48, 521 S.E.2d 290 (1999), this Court addressed a situation almost identical to the situation in this case. In that case, Upchurch attempted to make a mid-trial motion to suppress during testimony being given by a police officer. After listening to the officer's testimony, Upchurch argued that the officer did not have probable cause to arrest him. "The sole reason given by Upchurch for failure to file a pretrial suppression motion was that he was unaware of the potential Fourth Amendment issue until [the officer] testified." Id. at 51-52, 521 S.E.2d at 292. Pursuant to Code § 19.2-266.2, the trial court refused to consider Upchurch's mid-trial motion. We affirmed, holding,

> If the defendant does not exercise due diligence to discover relevant facts before trial and has not been misled by the Commonwealth or its witnesses or otherwise prevented by the Commonwealth from discovering relevant facts, ignorance of a witness' testimony, especially a witness who reasonably could be

---

[1] In Commonwealth v. Ramey, 19 Va. App. 300, 450 S.E.2d 775 (1994), we explained the public policy behind Code § 19.2-266.2:

> In order to protect a criminal defendant from being twice put in jeopardy for the same offense, the Commonwealth is prohibited from appealing a judgment in a criminal prosecution. However, this prohibition, if applied without exception, would deny review of erroneous trial court decisions suppressing evidence found to have been obtained in violation of the United States Constitution. These decisions involve significant constitutional protection and often determine the outcome of a criminal proceeding. Appellate review serves to enhance the uniformity and legitimacy of such decisions. Providing appellate review of these decisions, therefore, serves a "legitimate" governmental objective. Furthermore, because of its interlocutory nature, it does so while still preserving a criminal defendant's protection against being twice placed in jeopardy.

Id. at 303, 450 S.E.2d at 776-77 (citations omitted).

- 3 -

> expected to testify, does not constitute good cause for excusing the
> defendant from the requirements of Code § 19.2-266.2.

Id. at 52, 521 S.E.2d at 292. Specifically, we noted, "Counsel did not interview the officer prior to trial. Counsel does not maintain that he was misled in any way by representations of the Commonwealth. Additionally, the information discovered by counsel in [the officer's] testimony *was also available from the defendant*." Id. (emphasis added).

Here, Womack admittedly failed to file a motion to suppress prior to trial. When he ultimately made the motion, Womack claimed that he was not aware of the potential Fourth Amendment issue until after Investigator Kochis testified. Womack does not now, and did not at trial, argue that he was "misled by the Commonwealth or its witnesses or otherwise prevented by the Commonwealth from discovering relevant facts." Id. Thus, the trial court could have properly denied Womack's objection on that ground alone. Because Code § 19.2-266.2 provided the trial court with "a freestanding basis" for denying Womack's motion, we need not, and will not address the merits of Womack's claim.[2] Johnson, 45 Va. App. at 117, 609 S.E.2d at 60.

For the foregoing reasons, we hold that Womack failed to preserve his claim that Officer Kochis's search violated his Fourth Amendment rights. Therefore, we affirm the decision of the trial court.

Affirmed.

---

[2] Likewise, because we hold that Johnson's violation of Code § 19.2-266.2 was sufficient to warrant the denial of his motion to suppress, we need not address the trial court's additional independent basis for denying Womack's motion.