COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Humphreys, Beales and Decker
Argued by teleconference


WAYNE EDWARD MEADOWS, JR.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1026-14-2                    JUDGE ROBERT J. HUMPHREYS
                                                         APRIL 7, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF APPOMATTOX COUNTY
Kimberley S. White, Judge

Roger B. Stough (Roger B. Stough, PC, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Wayne Edward Meadows, Jr., ("Meadows") appeals his three convictions for taking

indecent liberties with a minor in violation of Code § 18.2-370 in the Circuit Court of

Appomattox County (the "trial court").  In support of his appeal, Meadows argues:  (1) that "the

trial court erred in not using strict scrutiny to evaluate the constitutionality of Code § 18.2-370

because Code § 18.2-370 prohibits the exercise of free speech by consenting adults;" and (2) that

"the trial court erred in not finding that Code § 18.2-370 is unconstitutionally overbroad in

violation of the First Amendment of the United States Constitution."  For the reasons that follow,

we hold that Meadows's arguments are procedurally defaulted pursuant to Rule 5A:18 and we

therefore decline to consider the merits of his arguments.

Meadows orally moved to dismiss the charges against him on the basis that Code

§ 18.2-370 was unconstitutionally overbroad on the morning of his trial.  The parties briefly

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

discussed the merits of his argument, and then the trial court ruled that the motion was untimely. The trial court stated, "[f]irst, the [c]ourt will find that the provisions of 3A:9 of the Rules of the Supreme Court have not been followed and that the motion has not been made in the manner set forth in the rule." The trial court further explained:

> if the [c]ourt were to consider the substantive nature of the motion notwithstanding the lateness and not withstanding that it's not in writing, the [c]ourt would find that for the reasoning set forth in [Podracky v. Commonwealth, 52 Va. App. 130, 662 S.E.2d 81 (2008),] that the motion should be denied; that the Code [§] 18.2-370 has not been shown to prohibit speech protected under the First Amendment. And for that reason the motion will be denied.

The trial court issued a written order denying Meadows's motion to dismiss "based upon Rule 3A:9 of the Supreme Court of Virginia."

At oral argument, Meadows suggests that even though his motion to dismiss was untimely, the issue should be considered by this Court because the trial court addressed the merits of his motion in its ruling from the bench. However, it is well settled that "a court speaks only through its written orders." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 103, 639 S.E.2d 174, 177 (2007). Therefore, because the trial court's written order denied Meadows's motion as procedurally untimely "based upon Rule 3A:9," and remained silent as to the merits of his argument, it is without consequence that the trial judge opined from the bench as to how she might rule on the motion if the constitutional challenge had been properly before the trial court.

Rule 3A:9(b)(1) describes defenses and objections that a defendant *must* raise before trial that will otherwise be considered waived:

> Defenses and objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried, other than that it fails to show jurisdiction in the court or to charge an offense, must be raised by motion made within the time prescribed by paragraph (c) of this Rule. The motion shall

> include all such defenses and objections then available to the accused. Failure to present any such defense or objection as herein provided shall constitute a waiver thereof.

Rule 3A:9(c) requires that a motion referred to in subparagraph (b)(1) "shall be filed or made before a plea is entered and, in a circuit court, at least 7 days before the day fixed for trial." This Court has clarified that "'[t]he plain language of the Rule states that the requirements of Rule 3A:9(b)(1) are *mandatory*, and failure to raise such [motions] properly is a waiver, unless good cause is shown.'" Rambo v. Commonwealth, 51 Va. App. 418, 424-25, 658 S.E.2d 688, 691 (2008) (emphasis added) (quoting Harris v. Commonwealth, 39 Va. App. 670, 675, 576 S.E.2d 228, 230 (2003) (en banc)). In this case, the trial court found that Meadows had failed to comply with Rule 3A:9 and therefore his constitutional arguments were waived. Meadows does not assign error to the trial court's denial of his motion to dismiss on the grounds that he failed to comply with Rule 3A:9.

Rule 5A:18 provides that this Court will review a ruling of the lower court only if "an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The rule requires that "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc). Consequently, because Meadows's constitutional challenge was not made at the appropriate time and was deemed waived by the trial court, his argument is not properly preserved under Rule 5A:18. See, e.g., Parker v. Commonwealth, 42 Va. App. 358, 379, 592 S.E.2d 358, 369 (2004) (holding that it would not consider the merits of the appellant's arguments because they were not properly preserved for appeal pursuant to Rule 5A:18 because the appellant had waived his argument at the trial court by failing to comply with Rule 3A:9).

In addition to Rule 3A:9, there is a statutory requirement for filing motions to dismiss based on constitutional grounds. Code § 19.2-266.2(A)(ii) mandates that defense motions or objections seeking "dismissal of a warrant, information, or indictment or any count or charge thereof on the ground that a statute upon which it was based is unconstitutional shall be raised by motion or objection." "Such a motion or objection in a proceeding in circuit court shall be raised in writing, before trial . . . [and] shall be filed and notice given to opposing counsel not later than seven days before trial in circuit court." Code § 19.2-266.2(B). "[T]he plain language of Code § 19.2-266.2 requires *without exception* that defense motions or objections seeking dismissal" on the basis that the charging statute is unconstitutional must be raised by a defendant "in writing before trial to preserve his objection." Williams v. Commonwealth, 57 Va. App. 750, 768 n.4, 706 S.E.2d 530, 539 n.4 (2011) (emphasis added). This Court has unequivocally held that the filing requirements of Code § 19.2-266.2 are "mandatory." Upchurch v. Commonwealth, 31 Va. App. 48, 51-53, 521 S.E.2d 290, 291-92 (1999).[1] Therefore, because Meadows did not comply with Code § 19.2-266.2(ii)'s requirement to file a written motion raising his constitutional objection at least seven days before the trial, he failed to preserve his arguments for appeal.

Meadows does not offer any authority explaining why he should be excused from the filing requirements of Rule 3A:9 or Code § 19.2-266.2, nor does he present any argument as to the applicability of any exceptions to Rule 5A:18. Moreover, because no evidence was presented by either party regarding the merits of Meadows's motion, and because the trial court never

---

[1] The legislative rationale behind this statutory mandate is not difficult to discern. The requirements of both the statute and Rule 3A:9 ensure that both the Commonwealth and the trial court have adequate notice of the precise alleged constitutional defect in the statute the defendant is charged with violating. Moreover, in conjunction with section (B) of the statute that requires a hearing on such motions not later than three days before trial, the Commonwealth is thereby not deprived of its statutory right to an interlocutory appeal of an adverse decision by the trial court pursuant to Code § 19.2-398.

actually adjudicated the merits of Meadows's constitutional challenge, there is no record upon which the merits of Meadows's arguments can be resolved.

Consequently, we hold that Meadows's assignments of error are procedurally defaulted and therefore we will not address the merits of his constitutional arguments. Accordingly, we affirm Meadows's convictions on the basis that he failed to properly preserve his arguments pursuant to Rule 5A:18.

<u>Affirmed.</u>